**NORTHWEST AIRLINES, INC.,**
**Appellant,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, etc., et al., Appellees.**

**No. 20662.**

United States Court of Appeals, Eighth Circuit.

Jan. 18, 1971.

Henry Halladay, Minneapolis, Minn., for appellant.

Willard L. Converse, St. Paul, Minn., for appellees.

William G. Mahoney, Washington, D. C., for amicus curiae, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees.

Before VAN OOSTERHOUT, HEANEY and BRIGHT, Circuit Judges.

**ORDER**

In this case, Northwest Airlines, Inc. (NWA) moved for an injunction pending appeal under F.R.A.P. Rule 8(a). It sought thereby to prevent appellee un-

ion[1] from interfering with NWA's efforts to recall its mechanics who had been laid-off during initial phases of a strike called by a sister union, BRAC,[2] representing NWA's clerks and others. In resistance to the injunction action, appellee union contended that it possessed the right to instruct its members to honor the picket lines of a sister union. NWA contended that the bargaining agreement between the parties required IAM mechanics to report for work upon request. This issue underlay NWA's claim for injunctive relief. The district court had denied NWA a preliminary injunction. NWA brought this appeal.

We considered NWA's motion for an injunction pending appeal at an expedited hearing held at St. Paul, Minnesota, on November 25, 1970. At this hearing, the parties consented that the underlying contract question be referred to the IAM System Board of Adjustment (SBA). Accordingly, we directed that the parties submit to the SBA the following question for its determination: "Whether IAM, in the light of the no-strike provisions of the bargaining agreement, retains the right to instruct its members to honor the picket lines of a sister union." The parties, at that hearing, further agreed that we should consider the merits of the pending appeal without calling for further argument.

In a per curiam opinion issued the same day as the hearing, we specifically reserved any decision on all other issues, and we retained jurisdiction for the purpose of granting such relief as we might find necessary.

After hearing, the SBA, on December 14, 1970, made its ruling that "IAM, in the light of the no-strike provisions of the bargaining agreement does not retain the right to instruct its members to honor the picket lines of a sister union." We also take judicial notice of subsequent developments: that NWA and BRAC settled the strike and that BRAC withdrew its picket lines. Because of the

change of circumstances which we have related, we think no temporary relief is required in this case. We therefore contemplate taking no further action upon appellant's request for an injunction pending appeal nor upon the appeal itself. Any issues arising from the appellant's complaint in district court seeking a permanent injunction have not been presented to us but remain with the district court.

Accordingly, we remand this case for such further proceedings as may now be appropriate under the present circumstances.

---

1. The union is International Association of Machinists and Aerospace Workers, AFL-CIO (IAM).

2. Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees.