**NORTHWEST AIRLINES, INC.,**
Plaintiff,

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, et al., Defendants.**

No. 4–70 Civ. 398.

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 1, 1971.

Dorsey, Marquart, Windhorst, West & Halladay, by Henry E. Halladay and David Ranheim, Minneapolis, Minn., for plaintiff.

Peterson, Bell & Converse, by Erwin A. Peterson, St. Paul, Minn., Plato E. Papps, General Counsel, Machinists Union, Washington, D. C., for defendants.

Hvass, Weisman, King & Allen, by Si Weisman and Reed MacKenzie, Minneapolis, Minn., amicus curiae for Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employes (BRAC).

NEVILLE, District Judge.

On November 12, 1970, this court made an order in this labor dispute denying plaintiff's motion for a preliminary injunction. Northwest Airlines, Inc. v. International Ass'n of Machinists and Aerospace Workers, 323 F.Supp. 107 (D.Minn.1970). The facts of the case are set out in some detail in the memorandum accompanying such order and are adopted as a part of this memorandum and so need not be repeated herein. Following such order, plaintiff perfected an appeal to the Court of Appeals for the Eighth Circuit. While that court did not *in haec verba* reverse this court and in fact did not grant a temporary injunction it rather flatly rejected or ignored the premise upon which this court had proceeded in denying the preliminary injunction. The Court of Appeals on November 25, 1970 ordered the parties to select a neutral member of the Systems Adjustment Board and to submit to that Board "the single underlying issue * * * whether IAM, in the light of the no-strike provisions of the bargaining agreement, retains the right to instruct its members to honor the picket lines of a sister union [BRAC]." Northwest Airlines, Inc. v. International Association of Machinists and Aerospace Workers, 442 F.2d 244 (8th Cir. 1970). Though no temporary injunction was ordered, the Systems Adjustment Board on December 14, 1970 answered the question submitted by the Court of Appeals in the negative. Subsequently, the Court of Appeals by an order dated January 18, 1971 stated:

"* * * We also take judicial notice of subsequent developments: that NWA and BRAC settled the strike and that BRAC withdrew its picket lines. Because of the change of circumstances which we have related, we think no temporary relief is required in this case. We therefore contemplate taking no further action upon appellant's request for an injunction

pending appeal nor upon the appeal itself. Any issues arising from the appellant's complaint in district court seeking a permanent injunction have not been presented to us but remain with the district court.

Accordingly, we remand this case for such further proceedings as may now be appropriate under the present circumstances."

Northwest Airlines, Inc. v. International Ass'n of Machinists and Aerospace Workers, 442 F.2d 250 at 251 (8th Cir. 1971).

Plaintiff now presses its action on the merits for a permanent injunction, attempting to demonstrate that the union by its past conduct over the years, by its present action and from certain gleanings as to its future intent, demonstrates that it may well attempt in the future under similar circumstances to honor picket lines of a sister union. Plaintiff therefore believes it is entitled to a permanent injunction even though industrial peace now exists between the parties and there is no present nor threatened strike by any Northwest Airlines Union. Defendant union stresses the fact of the strike settlement and claims that there is no exigency nor threat of irreparable harm, an equity prerequisite for any injunction, and therefore urges that no injunction should issue. It fears an injunction "hanging over its head" which could result in summary contempt or other enforcement proceedings. It asserts that the questions raised are now moot, but that if not, it should be able to present a number of other contentions, including claimed deficiencies in the jurisdiction of the System Board of Adjustment, alleged violations of the Railway Labor Act by plaintiff itself from July 8, 1970 on, the existence and effect of a so-called mutual aid pact with other airlines and other matters.

The court does not believe it need approach nor determine the various questions raised by either of the parties since the same are moot, and accordingly has ordered judgment dismissing plaintiff's complaint and denying plaintiff's request for injunctive relief. The Court of Appeals remanded the case "for such further proceedings as may now be appropriate under present circumstances."

The court believes that no further proceedings are now appropriate under present circumstances. This would seem to be in accord with the Court of Appeals' decision in a somewhat companion case of Northwest Airlines, Inc. v. Air Line Pilots Ass'n Int'l, 442 F.2d 251 (8th Cir. 1971), where, though ordering the parties to complete their arbitration proceedings to "enable us to more adequately deal with future disputes" the court dissolved the temporary injunction stating:

"We do, however, dissolve our injunction insofar as it imposed additional obligations on ALPA. We take the latter action because a contract has been signed by BRAC and NWA, the BRAC picket lines have been withdrawn, and ALPA has completely complied with the notice requirements of our December 3 order. Furthermore, there is nothing in this record to indicate that there is a continuing need for the injunction. See, Boys Markets v. Retail Clerks Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199, 212 (1970)." 442 F.2d at 253–254.