**NORTHWEST AIRLINES, INC.,**
Plaintiff,

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, et al., Defendants.**

No. 4–70 Civ. 398.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 12, 1972.

Dorsey, Marquart, Windhorst, West & Halladay, by Henry E. Halladay and David A. Ranheim, Minneapolis, Minn., for plaintiff.

Peterson, Bell & Converse, by Erwin A. Peterson, St. Paul, Minn., appeared for defendants.

NEVILLE, District Judge.

The present motion involves a novel question concerning which neither counsel has cited the court nor has the court been able to find any controlling authority. The Brotherhood of Railway and Airlines Clerks (BRAC) in a labor dispute struck Northwest Airlines (NWA) July 8, 1970. Shortly the International Association of Machinists (IAM) instructed its members who were employees of NWA to honor the BRAC picket lines and thus joined and supported the strike of its sister union. This court denied a motion for preliminary injunction against IAM on November

12, 1970. Northwest Airlines, Inc. v. International Ass'n of Mach. & Aerospace Wkrs., 323 F.Supp. 107 (D.Minn.1970). The Court of Appeals subsequently entered an order November 25, 1970 referring to the System Board of Adjustment the question as to whether IAM had the right to do as it did in view of a "no-strike" provision in its labor contract with NWA. Northwest Airlines, Inc. v. International Ass'n of Mach. & Aerospace Wkrs., 442 F.2d 244 (8th Cir. 1970). The Board held against the IAM contention and on January 18, 1971 the Court of Appeals in a subsequent opinion took cognizance of the fact that the strike had been settled and that temporary relief no longer was necessary. Northwest Airlines, Inc. v. International Ass'n of Mach. & Aerospace Wkrs., 442 F.2d 250 (8th Cir. 1971). The question of the granting of a permanent injunction was remanded to the district court.

After a hearing on April 7, 1971 on NWA's motion for a permanent injunction, this court entered an order denying the same and dismissing plaintiff's complaint on the merits as moot and not necessary. Northwest Airlines, Inc. v. International Ass'n of Mach. & Aerospace Wkrs., 332 F.Supp. 1330 (D.Minn. 1971). The present motion is to amend this latter order based principally on knowledge acquired by NWA personnel as to IAM's activities since the hearing of April 7, 1971, or if existing before, not discoverable at that time.

It appears from the documentation attached to plaintiff's moving papers that in connection with the settlement of the BRAC strike it was agreed by NWA and IAM that no further proceedings, claim for damages, or other relief would be sought by either party for any claim or cause arising out of the BRAC strike. A number of IAM members had not honored BRAC's picket line and had worked for NWA during the strike. February 15, 1971, IAM's local Twin City Lodge prepared and distributed a "scab list" to its membership. Later from higher up in the Union came various bulletins concerning "the processing of charges against IAM members who crossed picket lines and worked on struck goods 'and' Fines levied against members found guilty of strike breaking." In April, 1971 proceedings were commenced in the IAM Twin Cities Local Lodge No. 1833 against some 65 employees. Similar disciplinary proceedings were instituted in Milwaukee, Wisconsin and later in Seattle, Washington. From findings against the members or some of them by the local trial committees, appeals have been taken within the union hierarchy and have been affirmed by International President Smith and by the IAM executive council. The final appeal of those who have been fined, expelled or otherwise disciplined is to the IAM Grand Lodge Convention. One report attached to plaintiff's moving papers shows the trial committee of Local Lodge 1904 at Milwaukee found 38 members guilty, 12 not guilty, and imposed fines of $300 each on the guilty.

The IAM takes the position that its Constitution which is what is here being enforced requires obedience to Union policy and prohibits "strike breaking" and claims that the disciplinary proceedings in any event are not instituted by the IAM itself but by aggrieved members who abided the union's instructions and did not cross picket lines and thus lost their wages during the strike; that IAM long has had a provision and procedure for handling such complaints and that in the democratic process it cannot prevent its members from lodging such as they individually may wish.

NWA claims the above activities are in derogation of the Court of Appeals decision and the ruling of the System Board of Adjustment; that it now has been firmly established that IAM had no right to join the strike of its sister union BRAC nor to honor its picket lines and for this court not to enjoin the IAM activity seeking to discipline those who so did is to permit it by intimidating its members in such manner to accomplish indirectly the prohibited result and activity it cannot accomplish directly.

The court denies plaintiff's motion for several reasons:

 *First.* Plaintiff's motion goes beyond the reach of any allegation or prayer in its complaint. It seeks therein injunctive relief to prevent IAM from inducing and instructing its membership not to cross a picket line of a sister union. The picket line no longer exists; the strike is settled and labor peace prevails. What plaintiff has attempted to assert is an entirely new cause of action involving quite a different state of facts and legal questions and not properly before the court at this time in this injunction action.

 *Second.* Plaintiff has shown no injury to itself and thus has no standing to assert the claims it makes. Any individual who is disciplined might well, after exhausting his in-union administrative appeals, seek judicial relief, for he if anyone is injured or aggrieved. NWA is not paying the fines levied and at the hearing NWA counsel was quick to admit that he did not appear for or on behalf of any of the charged individual members. NWA sees what it thinks is an evil and an unfortunate situation obtaining and should like to rectify it. There is no showing however that such has affected NWA's work force or the quality thereof or that its interests are in any other way jeopardized or prejudiced, whatever it may feel as to its moral responsibility to those who worked during the strike and crossed the picket lines.

*Third.* Plaintiff is in effect requesting the court to interfere and intercede in internal union affairs, to enjoin the IAM from taking certain actions determining guilt or appellate affirmance of the same on the grounds that IAM's constitutional provision as applied to the facts of this case is now illegal and unenforceable and has been so determined in this proceeding. This the court does not think it can do in this injunction action. National Labor Relations Bd. v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 87 S.Ct. 2001, 18 L.Ed.2d 1123 (1967), upheld disciplinary union proceedings against members who crossed—albeit legitimate—picket lines. The questions raised thereby are not now before this court.

A separate order denying plaintiff's motion has been entered.