518 F.2d 663
 89 L.R.R.M. (BNA) 2958, 77 Lab.Cas. P 10,993
 ROSWIL, INC., d/b/a Ramey Supermarkets, Appellant,
v.
RETAIL STORE EMPLOYEES LOCAL 322, Appellee.
ROSWIL, INC., d/b/a Ramey Supermarkets, Appellant,
v.
RETAIL STORE EMPLOYEES LOCAL 322 and Retail Clerks
International Association, AFL-CIO, Appellees.
 Nos. 74-1896, 74-1895.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 14, 1975.
Decided July 15, 1975.
 
 Donald W. Jones, Springfield, Mo., for appellant.
 Benjamin J. Francka, Springfield, Mo., for appellees.
 Before GIBSON, Chief Judge, STEPHENSON, Circuit Judge, and SMITH, Senior District Judge.*
 PER CURIAM.
 
 
 1
 These are consolidated appeals arising out of a labor management dispute. 29 U.S.C. § 185. We affirm.
 
 
 2
 During the course of the proceedings below the District Court, Honorable William R. Collinson, issued three unpublished orders, the second of which dated September 26, 1974 fairly summarizes the facts and issues in the two appeals now before this court. That order states:
 
 
 3
 Plaintiff initiated this complaint (74-1895) requesting declaratory injunctive relief as well as damages. The complaint was accompanied by an application for a temporary restraining order by which the plaintiff is seeking to restrain the defendant from compelling arbitration of the pending dispute between the parties.
 
 
 4
 Stated very briefly, the parties entered into two separate collective bargaining agreements covering all the employees of defendant's stores, which constituted a chain of grocery supermarkets, all located in southwest Missouri. The geographical areas covered by the contracts were defined by areas within so many miles of the principal store. The employer acquired the store which was within the geographical area covered by both contracts, and since the wage scale differed, the employer naturally claimed that the lower wage scale contract covered this store and the union claimed to the contrary.
 
 
 5
 After hearing, the Court denied the motion for a temporary restraining order, which had the effect of compelling the parties to arbitrate the dispute. The arbitrator's award was dated April 1 and entered on that date.
 
 
 6
 Meanwhile the defendant had filed a motion for summary judgment, which the Court considered as a motion for judgment on the pleadings as to three of the four claims made in the complaint and as a motion for summary judgment on the fourth claim. Immediately after the arbitrator's award was filed, the plaintiff filed a motion to set aside the arbitrator's award and a motion for summary judgment. Thereafter the Court granted defendant's motion for summary judgment and entered a judgment in favor of the defendant on all claims raised by the complaint. The plaintiff then filed a motion to set aside this judgment and an alternative motion for new trial or summary judgment and a motion to amend the complaint by a proposed second count.
 
 
 7
 The arbitrator's award in effect held that the parties would have to collectively bargain as to the wage scale as to the Republic store as of May 1, 1974, on which date one of the two contracts provided for collective bargaining for a second year hourly wage increase. This collective bargaining commenced and resulted in a brief strike, with which this Court is familiar because a second lawsuit (74-1896) between the same parties was filed seeking to enjoin this strike. This matter was settled and the parties entered into a collective bargaining agreement, which covered the employees of the Republic store, on June 15, 1974. The defendant has filed an affidavit by the business agent of the union accompanied by a copy of the new collective bargaining agreement covering the employees of the Republic store. The Court felt on the basis of the foregoing facts all the issues raised by the motion to set aside the arbitration award, the motion to set aside the judgment and the motion for new trial or summary judgment for the plaintiff were all moot, but the attorney for the plaintiff has written the Court and urged that the Court should allow the amendment and set aside the judgment previously entered.
 
 
 8
 The amendment to the complaint which the plaintiff now urges is simply a prayer to have the arbitrator's award set aside and the uncontroverted facts are that the parties have complied with this award and have negotiated a new contract which covers all the Republic store employees. This Court cannot see how there is any justiciable issue for this Court to decide.
 
 It is therefore
 
 9
 ORDERED that the plaintiff's motion to set aside the arbitration award and for summary judgment on all issues herein be, and is hereby, denied; and it is further
 
 
 10
 ORDERED that plaintiff's motion to set aside the judgment and the plaintiff's alternative motion for a new trial or summary judgment be, and are hereby, denied, and that the plaintiff's motion to file supplemental pleading herein is hereby denied.
 
 
 11
 We have scrutinized the record, the memoranda of the district court, and the appellate briefs and authorities. We find the district court holding to be manifestly correct. The circumstances of settlement as set out in the district court's order, above, warrant no further action by this court. See Northwest Airlines, Inc. v. Air Line Pilots Ass'n Int'l, 442 F.2d 251, 253 (8th Cir. 1971); Northwest Airlines, Inc. v. International Ass'n of Mach. and Aerospace Workers, 332 F.Supp. 1330 (D.Minn.1971), on remand from442 F.2d 250 (8th Cir. 1971).
 
 
 12
 In a later order the district court left open to appellants the possibility of bringing a separate action, under proper pleadings,[1] for damages incurred from the allegedly unlawful strike at the Republic, Missouri store. We express no view on that action.
 
 
 13
 The district court did not err in its holding that the damage issue was not properly before the court in the instant proceeding.
 
 
 14
 Affirmed.
 
 
 
 *
 The Honorable Talbot Smith, Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The court noted that the only mention of damages in plaintiff's pleading was in the prayer for relief. Damages incurred in the strike were not specifically alleged